| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| SIRONDA LAVYREE SANDERS, ) | |
| Defendant. ) | |

This matter is before the court on Sironda Lavyree Sanders' Motion to Reduce Sentence Pursuant to Dorsey v. United States, and the Fair Sentencing Act of 2010 [DE-35], and "Motion for Reconsideration Reduction, 18 U.S.C. § 3742(e) Post-Sentencing Rehabilitation Programming" [DE-36]. Ms. Sanders relates that she was sentenced on June 7, 2010, to a term of 120 months upon her conviction pursuant to 21 U.S.C. § 846. She contends that the Supreme Court's opinion in Dorsey v. United States, ___ U.S. ___, 132 S. Ct. 2321 (2012), entitles her to be resentenced in order to alleviate the crack/powder disparity recognized by the Court, the United States Sentencing Commission, and by Congress. Citing Dorsey, Sanders argues that "criminal defendants who committed the [crack cocaine] offense before August 3, 2010 [the date of enactment of the Fair Sentencing Act, 124 Stat. 2372 (2010) ("FSA")], and sentenced before that date" may be resentenced using the lower penalties of the FSA. Moreover, she contends, both as a second ground for relief in her Motion to Reduce [DE-35] and as grounds for her Motion for Reconsideration [DE-36], that her post-sentencing conduct should be taken into consideration in imposing the lower sentence, relying on Pepper v. United States, ___ U.S. ___.

131 S. Ct. 1229 (2011).[1] She lists several of her accomplishments in educational and vocational training during her incarceration.

Ms. Sanders' reading of the Dorsey opinion, unfortunately, is not entirely correct. To resolve a circuit split following the enactment by Congress of the Fair Sentencing Act, and the promulgation by the Sentencing Commission of the emergency crack Guidelines amendment,[2] the Supreme Court determined that persons who committed federal drug offenses involving crack cocaine before August 3, 2010, but who were sentenced any time *after* that date, should be sentenced under the more lenient provisions of the FSA. Ms. Sanders both committed her crack offense and was sentenced *before* August 3, 2010. Dorsey, without more, does not assist her. Nor does the Supreme Court's approval of post-sentencing rehabilitation as an appropriate consideration under 18 U.S.C. § 3553(a) entitle her to a new sentencing hearing.

*If* for some other reason Ms. Sanders becomes eligible to be re-sentenced, then the court will apply the FSA in re-calculating the applicable sentence and will take into consideration Ms.

---

[1] Specifically, Pepper held that, *when a defendant's sentence has been set aside* on appeal, a district court at resentencing may consider evidence of the defendant's post-sentencing rehabilitation, which may, in appropriate cases, support a downward variance from the advisory Sentencing Guidelines. See Pepper, 131 S. Ct. at 1241-42; see also United States v. Susi, 674 F.3d 278, 284 (4th Cir. 2012) (explaining that in Pepper, "[t]he Supreme Court held that where an appellate court sets aside a defendant's 'entire sentence and remand[s] for a *de novo* resentencing' pursuant to a general mandate, the district court on resentencing is not bound by its prior consideration of the case.") (quoting Pepper, 131 S. Ct. at 1250–51).

[2] "The Fair Sentencing Act took effect on August 3, 2010. The Commission promulgated conforming emergency Guidelines amendments that became effective on November 1, 2010. 75 Fed. Reg. 66188 (2010). A permanent version of those Guidelines amendments took effect on November 1, 2011. *See* 76 *id.*, at 24960 (2011)." Dorsey, 132 S. Ct. at 2329.

Sanders' post-conviction rehabilitation efforts. However, neither the *Dorsey* ruling nor her "post-sentencing rehabilitation" entitles Ms. Sanders to be resentenced.

For the foregoing reasons, Ms. Sanders' Motion to Reduce [DE-35] and Motion for Reconsideration [DE-36] are DENIED.

SO ORDERED.

This, the 4 day of September, 2012.

JAMES C. FOX
Senior United States District Judge

3