IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CR-00020-F-1
No. 5:15-CV-00116-F

| | | |
|---|---|---|
| SIRONDA LAVYREE SANDERS, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-92] Sironda Lavyree Sanders's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-88]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED, and Sanders's Motion to Vacate is DENIED.

### I. Factual and Procedural Background

On January 22, 2009, Sanders was charged in a three-count indictment. *See* Indictment [DE-1]. In Count One, Sanders was charged with conspiracy to distribute and possess with the intent to distribute more than fifty grams of cocaine base (crack), in violation of 21 U.S.C. § 846. Count Two charged Sanders with distribution of more than five grams of cocaine base (crack) and a quantity of methylenedioxymethamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. In Count Three, Sanders was charged with possession with the intent to distribute more than five grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1).

At Sanders's arraignment, held on January 19, 2010, she pled guilty to Count One,

pursuant to a written plea agreement [DE-19]. It was agreed that Counts Two and Three would be dismissed at sentencing. *Id.* at 4.

Sanders's sentencing was held on June 7, 2010. Sanders was sentenced to 120 months' imprisonment on Count One. *See* Judgment [DE-26]. Sanders did not appeal her judgment. Over the next several years, Sanders filed several unsuccessful motions to reduce her sentence based on reductions in the base offense level for crack. *See, e.g.*, [DE-30, -35, -36, -40].

On March 5, 2015, Sanders filed the instant *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-88]. In her § 2255 motion, Sanders raises the following claims: (1) she is eligible for the new drug guideline and the two-point reduction; and (2) she does not qualify as a career offender. On May 4, 2015, the Government filed a Motion to Dismiss [DE-92], arguing that Sanders failed to state a claim upon which relief can be granted.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir.

2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III. Discussion

**A. The court properly denied Sanders's motion pursuant to 18 U.S.C. § 3582(c)(2).**

In her first claim, Sanders argues that she is eligible for the new drug guideline and the two-point reduction pursuant to Amendment 782 of the Sentencing Guidelines. Mot. Vacate [DE-88] at 4.

The court properly denied Sanders's § 3582(c)(2) motion by relying on the fact that her original sentencing guideline range was based on her status as a career offender rather than drug quantity.[1] *See United States v. Wilkens*, No. RDB-11-0646, 2016 WL 540663, at *2 (D. Md. February 11, 2016) ("U.S.S.G. § 4B1.1 sets the guideline range for career offenders and was unaffected by Amendment 782." ). The court did not err in denying Sanders's § 3582(c)(2) motion. Consequently, Sanders's first claim will be dismissed.

**B. Sanders's second claim is barred by the waiver in her plea agreement.**

Sanders's plea agreement contained a waiver of her right to challenge her conviction or

---

[1] *See* January 8, 2015 Order [DE-80] (noting that "[t]he offense level resulted from application of the career offender guideline).

sentence under 28 U.S.C. § 2255, except in limited circumstances. Such a waiver is enforceable if the defendant waives this right knowingly and voluntarily. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). The determination regarding whether a waiver is knowing and voluntary depends "upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused." *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). The truth of sworn statements made during a Rule 11 colloquy is conclusively established, absent extraordinary circumstances. *Lemaster*, 403 F.3d at 221-22.

In this case, Sanders's plea agreement, which she signed and agreed to in open court, contains the following waiver:

> To waive knowingly and expressly the right to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective counsel or prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea.

Plea Agreement [DE-19] at 1. The court finds that Sanders's waiver was both knowing and voluntary. Moreover, even if it were not, Sanders is foreclosed from raising the issue because she did not raise it on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.").

In her second claim, Sanders contends that she was improperly classified as a career offender. Mot. Vacate [DE-88] at 5, 7. Sanders's second claim is based on neither ineffective

4

assistance of counsel nor prosecutorial misconduct not known to her at the time of her guilty plea. Accordingly, Sanders has waived the right to pursue this second claim.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-92] is ALLOWED, and Sanders's § 2255 motion [DE-88] is DENIED.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court concludes that Sanders has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 7' day of March, 2016.

James C. Fox
Senior United States District Judge